Robert V. Santangelo, J.
This is a motion for summary-judgment pursuant to rule 113 of the Rules of Civil Practice. The plaintiff seeks to recover an unearned insurance premium based on an alleged cancellation by the plaintiff, the loss payee, named in a policy of insurance issued by the defendant to one Oppie Johnson. Oppie Johnson had purchased a motor vehicle from the plaintiff’s assignor and executed a chattel mortgage to it as part of the purchase price. Pursuant to the terms of the chattel mortgage, the mortgagor assigned to the mortgagee all moneys, not in excess of the unpaid balance, due to the mortgagor pursuant to the terms of such policy issued by the defendant, including the return of the unearned premiums.
The papers submitted on this motion leave much to be desired, particularly lacking sufficient details to show that the mortgagor made default in the terms of the mortgage, or what the unpaid balance of the mortgage is; however, it is apparent that the plaintiff did retake the motor vehicle described in the mortgage from the mortgagor on October 7, 1958. There is no evidence before the court that shows that the plaintiff complied with the provisions of section 239-b of the Lien Law of the State of New York; therefore, section 239-e of the Lien Law gave to *646 the mortgagor a statutory grace period of 10 days during which time the mortgagee is required to retain the mortgaged property within the reach of the mortgagor. During such grace period there is no change of ownership or title in the mortgaged property. The mortgagor during the 10-day period could cure the default and thus keep the mortgage alive on its original terms. Title to the mortgaged property remained undisturbed and the defendant remained liable to the named insured for any loss caused by the enumerated risks, until the policy was cancelled by giving notice to the named insured and the loss payee, as required by the terms of the policy of insurance and the rules promulgated by the Insurance Department.
On October 14, 1958, seven days after the vehicle was retaken by the plaintiff, the plaintiff requested the defendant to cancel the policy of insurance as of October 7, 1958. The defendant refused to cancel the policy as requested until it had given the proper notice to its insured as required by the policy of insurance and regulation 27B of the regulations promulgated by the Insurance Department.
A ruling of the Insurance Department of the State of New York designated as section 4 of regulation 26B thereof, reads as follows:
“ No debtor’s policy shall be cancelled without due notice by the insurer to the debtor unless the cancellation is at the request of the debtor. A request for cancellation shall be inoperative when made by a debtor on or before the inception date of the coverage being cancelled unless and until the insurer shall have given to the debtor ten days notice in writing of such request for cancellation.
‘1 A written designation by a debtor of a creditor or their assigns as the person to whom notice shall be given of cancellation for non-payment of premium shall not excuse an insurer from giving such notice to the debtor also as herein provided.
“ This regulation, which is made pursuant to Section 21 of the Insurance Law, shall take effect after filing with the Secretary of State, on October 1, 1958, and together with Regulation 27A is promulgated on August 28, 1958, replacing Regulation No. 27 which took effect November 7, 1952.”
The contention of the plaintiff that it had the exclusive right to cancel the policy notwithstanding the provisions of the insurance policy and the regulations of the Insurance Department, and that the defendant was obligated to cancel the policy upon demand of the plaintiff as requested, hereinbefore mentioned, is devoid of merit. The practice of the canceling of *647 insurance without notifying the insured deserves the severest criticism. (Canales v. Stuyvesant Ins. Co., 10 Misc 2d 583.)
The defendant is entitled to refund the unearned premium based on the date of cancellation set forth in its notice of cancellation to the named insured. In the instant case, the cancellation was requested as of October 7, 1958. The actual request for cancellation was received on October 15, 1958, and the 10-day notice of cancellation was sent out as required by the Insurance Department regulations. Thus the insurance company forwarded a return premium of $150.69 based on a cancellation effective October 26, 1958, and not as of October 7, 1958, as requested by the plaintiff corporation. The court therefore finds that this motion should be denied and that the returned premium as paid to the plaintiff herein in the sum of $150.69 was the correct return premium.
Accordingly, this motion is denied.